IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                    Civ. No. 11-0832 JP/ACT
                                                        Cr. No.   10-1791 JP

HECTOR RAUL GAMEZ-MACIAS,

    Defendant/Movant.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2255.  Pursuant to a Plea Agreement [Cr. Doc. 16], Defendant pled guilty to an information charging a violation of 8 U.S.C. §§ 1326(a) and (b), that being Re-entry of a Removed Alien.  Judgment was entered on September 28, 2010 [Cr. Doc. 22].[2]  Defendant was sentenced to a period of 41 months' incarceration. [Cr. Doc. 22].  He filed his Motion to Set Aside or to Vacate Sentence on September 15, 2011 [Doc. 1].

2.     Defendant alleges that counsel was ineffective for (1) not advising him that he had given up his right to attack the sentence imposed, and (2) failing to file motions objecting to his prior convictions as enhancing his offense level.  The Government has submitted its Response to the Motion [Doc. 3].

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court.  A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R.  If no objections are filed, no appellate review will be allowed.

[2] References to the criminal docket in Cr. 10-1791 JP are preceded by the initials "Cr;" otherwise, the references are to the civil docket.

3.     On April 17, 2010, United States Border Patrol Agents in Sunland Park, New Mexico arrested Defendant along with nine other individuals who were illegal immigrants from Mexico. The agents who arrested Defendant determined that he had previously been deported after a 1992 felony conviction in Colorado for Conspiracy to Distribute Marijuana for which he served four years in prison. Response [Doc. 3] at 1.

4.     On June 15, 2010 Defendant pled guilty and entered into a Non-Standard Fast Track Plea Agreement [Cr. Doc. 16]. Defendant acknowledged that he could be imprisoned for a term not to exceed 20 years, followed by three years of supervised release. Plea Agreement, ¶ 4(a) & (c). At the plea hearing, Defendant acknowledged he had discussed these potential penalties with counsel. Transcript, [Doc. 3-1] at 10:21-25; 11:1-18. Defendant acknowledged that he was pleading guilty to the offense charged and was giving up his right to proceed to trial. Transcript, 14:14-25; 15: 1-25; 16:1-25; 17:1-17.

5.     The Court advised Defendant that the base offense level in the Plea Agreement would be reduced by the Government "assuming you don't have an earlier conviction." Transcript, 26:11-13. The Court asked Defendant if he understood that he was waiving his right to challenge any aspect of the case except for a claim of ineffective assistance of counsel, and the Defendant acknowledged he understood. Transcript, 27:12-16.

6.     Defendant also acknowledged he had thoroughly discussed his Plea Agreement with counsel and that he understood it; counsel also stated that Defendant understood its terms. Transcript, 28:6-13.

7.     At the sentencing hearing the United States asked for a guideline sentence. *See* Transcript of Sentencing Hearing, Exhibit 2 to Answer [Doc. 3-2] ("Sentencing Tr."), 3:17-18. Defendant's counsel requested a Category I, sentencing Defendant to 37 to 46 months. Sentencing

Tr. 4:11-16.  The Court gave its reasons for imposing a Category III range.  Although the earlier convictions were 18 years old, Defendant was deported in 1995 and again in 2003.  And he was arrested in 2002 for a felony cocaine offense, for which the warrant was still outstanding.  Finally, the Court noted the instant charge of felony reentry.  Sentencing Tr. 4:22-25; 5:1-11.  The Court found that Defendant was entitled to an offense level of 20, with the guideline range of 41 to 51 months.  The Court sentenced Defendant to 41 months' imprisonment.  Sentencing Tr., 5:21-25; 6:1-7.

       8.    "To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial."  *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995) (internal quotation marks & citation omitted).  A claim of ineffective assistance must show both elements.  *Id*.

       9.    The record clearly indicates that Defendant understood he was giving up his appellate and collateral review rights except for the issue of ineffective assistance of counsel.  His Motion only alleges ineffective assistance of counsel and the Court declines to address the myriad claims asserted in his Motion which appear to have nothing to do with this case.  Because Defendant has shown neither that counsel was ineffective nor that he was prejudiced thereby, this claim fails.

      10.    Defendant's second claim concerns his 16-level enhancement.  He argues that counsel was ineffective for failing to object to the Court's imposition of this enhancement.  Defendant was previously convicted of conspiracy to distribute marijuana and and sentenced to four years in prison.  According to the Sentencing Guidelines, a 16-level enhancement may result from a drug trafficking offense, which includes conspiracies.  *See* U.S.S.G. § 2L1.2(b)(1)(A)(i); *United*

*States v. Chavez-Suarez*, 597 F.3d 1137, 1138 (10th Cir. 2010) (attempted distribution of marijuana resulted in a 16-level enhancement).

11. Defendant also asserts that his 18-year old convictions should not have been considered by the Court. The record at the Sentencing Hearing sets forth the Court's reasoning for the imposition of the sentence. Although the convictions were old, Defendant also had two prior deportments for illegal entry and the instant illegal felony re-entry. The Court stated that had the two prior convictions been Defendant's only crimes until the present day, then a downward departure would be justified. Sentencing Tr., 4:22-25; 5:1-11. *See Chavez-Suarez*, 597 F.3d at 1139 (in light of all of the evidence, including defendant's past illegal reentries, the court did not abuse its discretion).

12. The Court finds that Defendant has failed to show that counsel was constitutionally ineffective or that he was prejudiced by counsel's performance.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence be denied and this case dismissed with prejudice.

_____
Alan C. Torgerson
United States Magistrate Judge